In the Matter of the Estate of MARY L. NEWTON, Deceased.

Surrogate's Court, New York County, May 13, 1931.

*Charles E. Toney*, for the petitioner.

*Edmund O. Austin*, for the respondent Natalie Day.

*Alan L. Dingle*, for the respondent Marion A. Daniels.

*Benoni B. Gattell*, as committee of Enoch W. Newton, an incompetent person, and attorney in person.

O'BRIEN, S. The incompetent, represented in this proceeding by the committee of his person and property, is about *sixty-five years old, is almost completely paralyzed, is bedridden and sick and disabled to a degree where he has no control over the functions of his body, is quite helpless, cannot indicate his wants, can barely utter a monosyllable in an almost inaudible gasp, and demented so as to*

*be almost an idiot.* He had been for long years a trusted employee of the New York Stock Exchange. This application is made by the committee (1) for an order requiring the two trustees named in the will to give an additional bond in the penalty of $20,000; (2) for a direction that the respondents repay to the petitioner moneys expended by him to the extent of $1,421 for care and maintenance, nursing, etc., and (3) for a monthly allowance for maintenance and support of the incompetent for nursing, doctors, board, etc., $220 per month. The answering affidavits raise a question of the jurisdiction of this court, the trustees contending that the application should be made to the Supreme Court. I hold that this objection is not well taken and the application is properly made to this court. A further question is raised as to the capacity of the present resources of the estate to meet the requirements set forth in the petition. The trustees contend that all the property that they received amounted to but $17,000 cash and ten shares of stock, the value of which is in dispute. They further state *that they have no income accumulated and now on hand.* The question is thus presented whether or not under the terms of the will the principal should be invaded and applied towards the maintenance of the incompetent husband. The committee contends in the affirmative. The two trustees who get all the remainder contend to the contrary. That portion of decedent's will covering the matter involved in this issue reads as follows:

" *First.* After my lawful debts are paid, I give, devise and bequeath unto my two friends Natalie Day and Marion A. Daniels, all the rest, residue and remainder of my estate, real, personal or mixed, wherever situate, in trust nevertheless, for the use and benefit of my dear beloved husband Enoch W. Newton, so long as he may live. It is my desire that my said husband shall live and be maintained in our apartment at 167 West 136th Street, New York, N. Y., during his entire life and that the said apartment shall be cared for and be maintained in the same manner as he now is and I hereby direct my said trustees, Natalie Day and Marion A. Daniels, so to do.

" *Second.* After the death of my said husband, Enoch W. Newton, I give, devise and bequeath unto my said two friends Natalie Day and Marion A. Daniels all the rest, residue and remainder of my estate, real, personal or mixed wherever situate, absolutely and forever, share and share alike. It is my desire that my said friend Natalie Day shall stay in our apartment above referred to and look after and care for my said husband Enoch W. Newton so long as he may live and I make this one of the conditions of the provisions I hereinabove made for her."

This will was executed *on September 19, 1930,* and at the time testatrix knew that her husband was and had been for years " *a very ill man who could not in all probability live very long,"* to quote the language of the remaindermen trustees. *The latter are strangers to the blood of testatrix and it was represented in the probate proceeding that she left no heirs at law nor next of kin, and oddly enough they represent in their moving papers that the incompetent has no kith or kin.* The language of the will above quoted clearly and definitely provides for an invasion of the principal to meet the necessities of the incompetent and I so hold. The intention of testatrix to furnish for her unfortunate and incapacitated husband ample care, maintenance and nursing is clearly manifested. Incidentally it may be noted that the remaindermen trustees assert that the incompetent grows weaker and weaker from day to day, that he had suffered several hemorrhages and responds with difficulty to such medicines as are prescribed for him by his physicians. In addition to directing the trustees to invade the principal to the extent prayed for by the committee, the bond of the respondent trustees will be increased by the sum of $17,500. Furthermore, the respondent trustees will be ordered to pay to the petitioner, as the committee of the incompetent husband, the sum of $1,421 for moneys necessarily expended by him for doctors' bills, nurses' bills, medicines, etc. There is no necessity of discussing in this proceeding the extent to which the incompetent is interested in this estate and the right of election given to him under section 18 of the new Decedent Estate Law (Laws of 1929, chap. 229). Proceed accordingly.